United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CONRAD,<br><br>   Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., WELLS FARGO CARD SERVICES, INC.,<br><br>   Defendants. | Case No. 16-cv-04660 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WELLS FARGO'S MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 18 |

Plaintiff Richard Conrad[1] sued Wells Fargo Card Services, Inc. and Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et seq.*, and the California Consumer Credit Reporting Agencies Act (CCRAA), California Civil Code § 1785.25(a). This case arises out of Conrad's Chapter 13 bankruptcy, defendants' allegedly deficient reporting of his debts, and the allegedly negative effects of such reporting. Wells Fargo filed a motion to dismiss the claims against it arguing (1) that Conrad should be judicially estopped from bringing his claims; (2) that he failed to state a claim for violations of the FCRA on multiple grounds; (3) he has failed

---

[1] The Court notes that in the filings before it, plaintiff Conrad's surname is spelled either "Conrad" or "Conard." The Court does not know which is correct. In this order, to be consistent with the docket's case title, the Court will refer to plaintiff by "Conrad."
Case No. 16-cv-04660 NC

to allege actual damages, and (4) that his CCRAA claim fails as a matter of law.

Because the Court declines to judicially estop Conrad's claims, finds that he properly pled he was harmed, and finds that he properly pled his claim under the FCRA and CCRAA under his theory that Wells Fargo did not comply with industry standards, the Court GRANTS IN PART and DENIES IN PART Wells Fargo's motion to dismiss Conrad's complaint, WITH LEAVE TO AMEND. The Court rejects Conrad's other theories for finding Wells Fargo liable under the FCRA.

## I. FACTUAL BACKGROUND

Conrad filed for Chapter 13 bankruptcy[2] on December 31, 2012. Dkt. No. 15. at 9. Conrad's bankruptcy plan was confirmed on March 21, 2013. *Id*. at 10. As of filing the complaint in this case, Conrad's bankruptcy has not been discharged. On March 17, 2016, Conrad ordered a credit report. *Id*. Conrad alleges the credit reports provided "inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards, and "some" accounts did not "register" that he was paying the accounts pursuant to his Chapter 13 plan. *Id*. (multiple unnamed accounts reporting "late payments, inaccurate balances, in collections, and/or charged off").

In response to the allegedly inaccurate information on the credit report, Conrad disputed the alleged inaccuracies to the credit reporting agencies (CRAs). *Id*. Conrad used the e-OSCAR system, which enables data furnishers and CRAs "to create and respond to consumer credit disputes." *Id*. at 6. "When a consumer sends a dispute letter to a CRA the CRA then sends an automated credit dispute verification" to the data furnisher. *Id*. The dispute letters to the CRAs:

> specifically requested each Creditor investigate the proper way to report Plaintiff's bankruptcy. Plaintiff noted that there should not be any past due balance reported, the account should not be listed as charged off, transferred or sold, with an inaccurate monthly payment or that the account is in collections. There

---

[2] By way of background as to Chapter 13 bankruptcy process, to proceed under that chapter, "a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015).

Case No. 16-cv-04660 NC  2

> should not be any late payments reported after Plaintiff's case was filed and to ensure that the proper monthly payment was being reported. Last, Plaintiff noted that under *Gorman v. Wolpoff & Abramson*, Plaintiff expected the accounts to be reported disputed if the Creditor disagreed with Plaintiff's dispute.

*Id.* at 10. On May 25, 2016, Conrad ordered a second credit report, but the alleged errors persisted. *Id*.

## II. PROCEDURAL HISTORY

Conrad sued Equifax, Experian, and Wells Fargo Card Services on August 12, 2016. Dkt. No. 1. Equifax was dismissed as a defendant. Dkt. No. 34. The amended complaint alleges claims for violations of the FCRA and the CCRAA. Dkt. No. 15. Conrad alleges Wells Fargo violated the FCRA for failure to reinvestigate and the CCRAA for reporting inaccurate information to the CRAs. *Id.* at 11, 13. Wells Fargo filed a motion to dismiss the complaint. Dkt. No. 18. Experian, Wells Fargo, and Conrad consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 9, 13, 29.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the

Case No. 16-cv-04660 NC         3

pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend "when justice so requires," because "the purpose of Rule 15. . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez*, 203 F.3d at 1127. A court may deny leave to amend for several reasons, including "undue delay, bad faith, . . . [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. DISCUSSION

Wells Fargo moves to dismiss Conrad's claims against it. Wells Fargo argues (1) Conrad should be judicially estopped from bringing his claims; (2) the FCRA claim fails as a matter of law because Wells Fargo transferred his debt before Conrad filed for bankruptcy, he fails to plead actionable inaccuracy, and industry standards do not form a basis for FCRA claims; and (3) that he does not allege he suffered any actual harm. In addition, the Court sua sponte discusses deficient allegations in the complaint. Lastly, Wells Fargo argues Conrad's CCRAA claim fails as a matter of law.

### A. The Court Declines to Judicially Estop Conrad's Claims.

Wells Fargo argues Conrad should be judicially estopped from bringing his claims before the Court because he did not disclose those claims on his bankruptcy schedules or before the bankruptcy court. Dkt. No. 18 at 11. Conrad disagrees.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co*., 270 F.3d 778, 782 (9th Cir. 2001). In deciding if judicial estoppel bars a plaintiff's claims, a court considers: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position"; and (3) whether the party seeking to assert an inconsistent position would derive

Case No. 16-cv-04660 NC 4

an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

"In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be- filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). The reasoning is that the plaintiff represented in bankruptcy proceedings that no claim existed, "so he or she is estopped from representing in the lawsuit that a claim *does* exist." *Id.* (emphasis in original). A court will impose judicial estoppel "when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784. "The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." *Id.* at 785.

Here, Conrad filed for bankruptcy on December 31, 2012, and his plan was confirmed on March 21, 2013. Dkt. No. 15 at 9-10. Conrad alleges that when he ordered a second credit report from Experian after having disputed the alleged inaccuracies in the first report, errors in the report persisted. *Id.* at 10-11. The second credit report allegedly shows Conrad's Wells Fargo account as being "in collections, charged off and mak[ing] no mention of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claims under the terms of Plaintiff's Chapter 13 plan of reorganization." *Id.* at 11. Conrad alleges Wells Fargo "negligently failed to file a proof of claim" relating to his account "despite being noticed of" Conrad's filing for bankruptcy, and that Wells Fargo was entitled to nothing. *Id.* Lastly, Conrad contends that Wells Fargo "should have reported the CII ['D'] to alert lenders" that the account was included in Conrad's bankruptcy. *Id.* Conrad has not yet received a bankruptcy discharge.

The Court declines to judicially estop Conrad's lawsuit because it does not fulfill the three factor test in *New Hampshire v. Maine*. 532 U.S. at 750-51. First, Conrad's later

Case No. 16-cv-04660 NC  5

position (that he has claims against Wells Fargo and Experian) is "clearly inconsistent" with his earlier position (that he has no contingent assets in the form of a lawsuit). *Id.* at 750. Second, this lawsuit would "impose an unfair detriment" on his creditors because he did not include it in his bankruptcy schedules.[3] *Id.* at 750-51. However, as to the last element, the Court does not find that the bankruptcy court necessarily "accepted" Conrad's earlier position. *New Hampshire*, 532 U.S. at 751. This is because "[t]ypically, acceptance is accomplished either through a confirmation order or a discharge order." *Basconcello v. Experian Info. Sols., Inc.*, No. 16-cv-06307 PJH, 2017 WL 1046969, at *4 (N.D. Cal. Mar. 20, 2017) (citing *In re An-Tze Cheng*, 308 B.R. 448, 453 (B.A.P. 9th Cir. 2004)). As Conrad's claims against Wells Fargo did not accrue until after confirmation, he would not have listed them as a contingent asset when he filed for bankruptcy. *Id.* Conrad should have supplemented his bankruptcy schedules, but because he has received no discharge, there has been no acceptance of his position by the bankruptcy court. *Id.*; *accord Stewart v. Bank of Am., N.A.*, No. 16-cv-05322 JST, 2016 WL 7475613, at *8 (N.D. Cal. Dec. 28, 2016); *Burrows v. Experian Info. Sols., Inc.*, No. 16-cv-06356 PJH, 2017 WL 1046973, at *5 (N.D. Cal. Mar. 20, 2017). Conrad, must, however, amend his bankruptcy schedules to include this lawsuit as a contingent asset before his plan is confirmed. For now, the Court declines to estop Conrad's claims.

### B. Fair Credit Reporting Act Claim

Wells Fargo moves to dismiss Conrad's FCRA claim on multiple grounds.

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff &*

---

[3] Wells Fargo requested that the Court judicially notice documents from Conrad's bankruptcy docket, namely: Conrad's bankruptcy petition, dated December 31, 2012; Conrad's motion to modify his bankruptcy plan, dated November 8, 2013; the bankruptcy court's order on the motion to modify Conrad's plan, dated November 8, 2013; Conrad's Chapter 13 bankruptcy petition docket, as of October 13, 2016; and his Chapter 13 plan, dated December 31, 2012. Dkt. No. 19-1. The Court notes that these documents are all part of federal judicial proceedings, and "have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). The Court only notices these documents for purposes of noting that this lawsuit was not included in Conrad's bankruptcy schedules as a contingent asset. Dkt. No. 19, 19-1.

Case No. 16-cv-04660 NC 6

*Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). By way of background, when a consumer disputes reported credit information, a CRA must investigate "to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). A CRA must "provide notification of the dispute" to the furnisher of the disputed information. § 1681i(a)(2)(A). Upon notice of a dispute under § 1681i(a)(2) regarding the completeness or accuracy of any information provided by a data furnisher to a CRA, the data furnisher must: (a) investigate the disputed information, (b) "review all relevant information provided by" the CRA under § 1681i(a)(2); (c) "report the results of the investigation" to the CRA; (d) "if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the [data furnisher] furnished the information and that compile and maintain files on consumers on a nationwide basis; and" (e) if the disputed information is "inaccurate or incomplete or cannot be verified after any reinvestigation," as appropriate, the furnisher must modify, delete, or permanently block the reporting of that item of information. § 1681s-2(b)(1). Consumers have a private right of action against data furnishers for willful or negligent noncompliance with FCRA requirements, but that right of action is limited to claims arising from duties triggered upon notice of a dispute from a CRA. §§ 1681n, 1681o; *Gorman*, 584 F.3d at 1154.

**1. Wells Fargo's Allegations Regarding Debt Ownership Are Not Grounds for Dismissing the FCRA Claim.**

Wells Fargo asserts that Conrad cannot state a claim against it because by the time Conrad filed for bankruptcy, Wells Fargo transferred his account to another creditor, and by that time, had ceased furnishing information to the CRAs about the account. Dkt. No. 18 at 13-14. However, Wells Fargo has presented no judicially noticeable documentation showing it no longer owned Conrad's debt as of the date of the bankruptcy petition. Thus, there is a question of fact as to whether Wells Fargo still owned the debt. The Court may not resolve such an issue of fact on a motion to dismiss. *Cahill*, 80 F.3d at 337-38.

Case No. 16-cv-04660 NC 7

### 2. Inconsistent Allegations in the Complaint Must Be Amended.

In its review of the amended complaint, the Court identified a significant inconsistency. First, Conrad alleges the CRAs received his dispute letter and sent the dispute to each data furnisher via an automated credit dispute verification. Dkt. No. 15 at 10. However, later, Conrad alleges that "[t]he most basic investigation required each CRA to send all relevant information via an [automated credit dispute verification] to the furnishers which they did not do." *Id.* at 12. Wells Fargo is being sued as a data furnisher. To state a claim under the FCRA against a data furnisher, a plaintiff must allege the furnisher received notice of the dispute from a CRA, triggering the furnisher's duties under 15 U.S.C. § 1681s-2(b). *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012); *Adkins v. Experian Info. Sols., Inc.*, No. 16-cv-02150 EJD, 2016 WL 6841700, at *1 (N.D. Cal. Oct. 7, 2016).

Conrad's inconsistent allegations fail to state a claim under the FCRA against Wells Fargo. *Mensah v. Experian Info. Sols, Inc.*, No. 16-cv-05689 WHO, 2017 WL 1246892, *9 (N.D. Cal. April 5, 2017); *see also Manley v. Experian Info. Sols., Inc.*, No. 16-cv-03355 LHK, 2017 WL 151540, at *5 (N.D. Cal. Jan. 16, 2017). Conrad bases his FCRA claim against Wells Fargo on Wells Fargo having received notice of the alleged inaccuracies in its reporting. Conrad made inconsistent allegations regarding whether Wells Fargo received such notice. Thus, the FCRA claim is DISMISSED WITHOUT PREJUDICE. Conrad is given leave to amend so he may plausibly allege facts supporting whether or not Wells Fargo received notice of the alleged errors in its reporting. *Twombly*, 550 U.S. at 570.

### 3. Conrad Fails to Allege Actionable Inaccuracy.

Wells Fargo moves to dismiss Conrad's FCRA claims for failure to allege actionable inaccuracy. Dkt. No. 18.

To state a claim for violation of 15 U.S.C. § 1681i or § 1681s-2(b), a plaintiff must demonstrate "an actual inaccuracy exist[s]." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). "[A]n item on a credit report can be 'incomplete or

Case No. 16-cv-04660 NC            8

inaccurate' within the meaning of the FCRA's furnisher investigation provision, 15 U.S.C. § 1681s-2(b)(1)(D), 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (citing *Gorman*, 584 F.3d at 1163).

Yet "even if a CRA fails to conduct a reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's 'claims fail as a matter of law.'" *Connors v. Experian Info. Sols., Inc.*, No. 16-cv-04663 LHK, 2017 WL 168493, at *3 (N.D. Cal. Jan. 17, 2017) (citing *Carvalho*, 629 F.3d at 890). Conrad argues here, as similarly situated plaintiffs have throughout this judicial district, that reporting a delinquency or past due balance that does not reflect the terms in the debtor's Chapter 13 plan after confirmation, but before discharge, is inaccurate. Yet Courts in this district have consistently held that such reporting is not inaccurate or misleading. *See, e.g., Mensah*, 2017 WL 1246892; *Fair v. Experian Info. Sols, Inc.*, No. 16-cv-05712 CW, 2017 WL 1164225 (N.D. Cal. Mar. 29, 2017); *In Re: EXPERIAN INFO. SOLS. CREDIT REPORTING LITIG.*, No. 16-cv-05674 WHA, 2017 WL 1319843 (N.D. Cal. Mar. 28, 2017); *Masimay*, 2017 WL 1065170; *Ramos v. Experian Info. Sols., Inc.*, No. 16-cv-06375 PJH, 2017 WL 1047019 (N.D. Cal. Mar. 20, 2017); *Penney v. Experian Info. Sols, Inc.*, No. 16-cv-05695, 2017 WL 1078649 SBA, (N.D. Cal. Mar. 15, 2017); *Anderson v. Experian Info. Sols., Inc.*, No. 16-cv-03328 BLF, 2017 WL 914394 (N.D. Cal. Mar. 8, 2017); *Artus v. Experian Info. Sols., Inc.*, No. 16-cv-03322 EJD, 2017 WL 346022 (N.D. Cal. Jan. 24, 2017); *Doster v. Experian Info. Sols., Inc.*, No. 16-cv-04629 LHK, 2017 WL 264401 (N.D. Cal. Jan. 20, 2017). In part, this holding is based on the fact that if a debtor does not comply with his or her Chapter 13 plan, the bankruptcy petition can be dismissed, and the debt will be owed as though the bankruptcy petition had not been filed. *Devincenzi v. Experian Info. Sols., Inc.*, No. 16-cv-04628 LHK, 2017 WL 86131, at *6 (N.D. Cal. Jan. 10, 2017) (citing *In re Blendheim*, 803 F.3d 477, 487 (9th Cir. 2015)).

The Court finds Conrad failed to allege actionable inaccuracy and thus GRANTS

Case No. 16-cv-04660 NC            9

WITH PREJUDICE Wells Fargo's motion to dismiss under this theory. This is because, as the above cases have recognized, the purported inaccuracies are not actionable before discharge, even if the Chapter 13 plan was confirmed.

### 4. Conrad's Allegations Regarding Violations of Industry Standards Are Sufficient to State a Claim Under the FCRA for Purposes of This Motion.

Conrad alleges Wells Fargo reported inaccurate information by failing to follow credit reporting industry standards, specifically the Metro 2 format. Dkt. No. 15 at 13. According to Conrad, the industry standard for reporting balances and monthly payments post-confirmation is to report in accordance with the terms of the Chapter 13 plan and list CII Code "D." *Id*. at 7. Conrad alleges that a failure to list code "D" makes it appear as if "a consumer has not addressed outstanding debt obligations through the bankruptcy process" and that creditors are free to collect despite the stay, causing "a more negative inference regarding a consumer's credit worthiness." *Id*. Conrad argues that Wells Fargo's reporting is inaccurate because they reported the pre-petition debts, rather than plan terms. *Id*. at 10-11.

To support his argument, Conrad relies on *Nissou-Rabban v. Capitol One Bank (USA), N.A.*, where the court held that the plaintiff plausibly stated a claim under the FCRA by alleging a data furnisher failed to comply with Metro 2 by reporting an account as "charged off" rather than CII code "D" or "no data," and that such reporting may be misleading to those making credit decisions. No. 15-cv-01675, 2016 WL 4508241, *4-*5 (S.D. Cal. June 6, 2016). The Court notes that many courts in this district have distinguished or disagreed with *Nissou-Raban*. *See, e.g.*, *Devincenzi*, 2017 WL 86131, at *6 ("[A]t most *Nissou-Raban* stands for the proposition that a furnisher that reports delinquent debts during the pendency of a bankruptcy should also report the fact that a bankruptcy is pending so that creditors know that those delinquent debts may be discharged in the future."); *Anderson*, 2017 WL 914394, at *6 ("[D]istrict courts within the Ninth Circuit overwhelmingly have held that a violation of industry standards is insufficient, without more, to state a claim for violation of the FCRA."); *Doster*, 2017 WL

Case No. 16-cv-04660 NC 10

264401, at *5 (collecting cases); *Mestayer v. Experian Info. Sols., Inc.*, No. 15-cv-03645 EMC, 2016 WL 7188015, at *3 (N.D. Cal. Dec. 12, 2016) (holding that reporting accurate information but deviating from Metro 2 format was not misleading where bankruptcy also reported).

As discussed above, an item on a credit report may be inaccurate under the FCRA's investigation provision if it is "'patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Carvalho*, 629 F.3d at 890 (quoting *Gorman*, 584 F.3d at 1163 and 15 U.S.C. § 1681s-2(b)(1)(D)). Conrad alleges that in the credit report, Wells Fargo not only did not include the terms of the Chapter 13 plan, but also failed to report CII code "D" alerting lenders that the account was subject to Conrad's bankruptcy and did not mention the bankruptcy at all. Dkt. No. 15 at 10.

This case is distinguishable from the cases disapproving of *Nissou-Raban* because Conrad explicitly alleges that Wells Fargo did not even mention the bankruptcy's existence. The Court does not know if the bankruptcy's existence was mentioned at all in the credit reports. Even if the bankruptcy was mentioned elsewhere in the credit report, the Court does not know whether those people making credit decisions about Conrad were aware of his bankruptcy. The people making such decisions about Conrad may not have known of the bankruptcy because of the use of algorithms in calculating a consumer's credit score. Dkt. No. 15 at 6 ("When FICO calculates credit scores the algorithms use Metro 2 information based on industry standards"). Thus, "[i]n a world of big data, it is plausible that an algorithm designed to calculate [plaintiff's] FICO score based on the Metro 2 codes might not generate the same score just because the word 'bankruptcy' appears elsewhere on the report." *Cristobal v. Equifax, Inc.*, No. 16-cv-06329 JST, 2017 WL 1489274, at *5 (N.D. Cal. Apr. 26, 2017). It is therefore plausible that the failure to comply with industry standards was "misleading in such a way and to such an extent that it [could] be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d at 890

Thus, the motion to dismiss Conrad's claim under the FCRA based on the alleged

Case No. 16-cv-04660 NC 11

failure to comply with industry standards is DENIED.

### C. Article III Standing and Damages

Wells Fargo asserts that Conrad's FCRA claim is deficient because he failed to allege actual damages as required by *Spokeo, Inc. v. Robins*, which discusses standing. 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016). Thus, Wells Fargo's damages argument is really an argument about standing. Wells Fargo maintains that Conrad "merely" alleges a procedural violation of the FCRA, which is insufficient to confer standing. Dkt. No. 18 at 16.

Standing has three elements, that there be (1) an injury-in-fact, (2) that the injury be fairly traceable to the defendant's challenged conduct, and (3) judicial redressability. *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. "[T]he risk of real harm" may satisfy the concreteness requirement. *Id.* Wells Fargo challenges the existence of an injury-in-fact, arguing that Conrad alleges "a bare procedural violation, divorced from any concrete harm," which fails to satisfy the requirement. Dkt. No. 18 at 16 (quoting *Spokeo*, 136 S. Ct. at 1549).

The Court disagrees with Wells Fargo. Though "not all inaccuracies [under the FCRA] cause harm or present any material risk of harm," Conrad's inaccuracy in reporting allegations are sufficient for the Court to find that an injury-in-fact has been alleged for purposes of this motion. *Id.* at 1550. The rather extreme example used by the Supreme Court in *Spokeo* is instructive. The Supreme Court provided the example of an erroneously reported zip code as being a "bare procedural violation" insufficient to satisfy standing. *Id.*

This case is clearly distinguishable, as it points out specific alleged shortcomings in Wells Fargo's reporting to the CRAs regarding Conrad's account with it. *See* Dkt. No. 15 at 10-11. Furthermore, courts in this district have rejected very similar standing arguments in cases alleging the same claims and harms, namely inaccurate reporting under the FCRA and CCRAA. *Keller v. Experian Info. Sols., Inc.*, No. 16-cv-04643 LHK, 2017 WL

Case No. 16-cv-04660 NC 12

130285, at *4 (N.D. Cal. Jan. 13, 2017); *accord Mamisay,* 2017 WL 1065170, at *2. Thus, the Court finds that Conrad has alleged that he suffered a "concrete" injury for purposes of standing. *Spokeo*, 136 S. Ct. at 1549.

Lastly, Wells Fargo argues that the Court should dismiss the FCRA claim because Conrad failed to allege actual damages arising from the alleged violation of the FCRA. Dkt. No. 18 at 16. The Court declines to do this, as the remedy for willful violations of § 1681s-2 are statutory damages of up to $1,000. 15 U.S.C. § 1681n(a). Conrad argued as much in this opposition to this motion. Dkt. No. 25 at 10. Conrad must amend his complaint to reflect these potential damages.

### D. CCRAA Claim

Wells Fargo argues that the CCRAA claim fails as a matter of law because Conrad did not plead actual damages and because the FCRA claim fails. Dkt. No. 18 at 17. Conrad did not rebut this argument, nor did Wells Fargo mention it in the reply brief.

The CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know that the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). There is a private right of action for violations of the CCRAA. Cal. Civ. Code §§ 1785.25(g), 1785.31. "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho*, 629 F.3d at 889 (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003)).

Here, the Court did not dismiss the FCRA with prejudice because the allegations in the complaint could be cured by amendment to state a claim under the FCRA. Thus, the Court DENIES the motion to dismiss the CCRAA claim on these grounds. As for the argument that the CCRAA claim is deficient because it fails to allege actual damages, the Court finds Wells Fargo's authority to the contrary is procedurally inapposite because it deals with a plaintiff's inability to demonstrate actual damages at summary judgment.

Case No. 16-cv-04660 NC             13

*Banga v. Experian Info. Sols., Inc.*, No. 09-cv-04867 SBA, 2013 WL 5539690, at *7 (N.D. Cal. Sept. 30, 2013).

**V. CONCLUSION**

Thus, Wells Fargo's motion to dismiss Conrad's complaint is GRANTED IN PART and DENIED IN PART, WITH LEAVE TO AMEND. The amended complaint must be filed by May 25, 2017. Only Conrad's theory of liability under the FCRA and CCRAA regarding non-compliance with industry standards survives this motion to dismiss. No additional theories alleging liability under the FCRA or CCRAA may be alleged in the amended complaint absent leave of Court. Likewise, no new claims or parties may be added to the complaint absent leave of Court.

If Conrad does not file an amended complaint consistent with this order, the Court will dismiss this case with prejudice.

**IT IS SO ORDERED.**

Dated: May 4, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge